# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | |
| | : | Case No. 2:04-CR-018(1) |
| v. | : | |
| | : | |
| ELVIN BOCOOK JR., | : | JUDGE ALGENON L. MARBLEY |
| Defendant | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on *pro se* Defendant Elvin Bocook's Motion to Reduce Sentence. The Government opposes Defendant's Motion. (Dkt. 102) The Court construes Defendant's Motion as a motion to reduce sentence under 18 U.S.C. § 3582(c). For the reasons set forth herein, the motion is **DENIED.**

### II. BACKGROUND

In 2004 Defendant pled guilty to one count of conspiracy to commit armed bank robbery, four counts of armed robbery, and one count of knowingly possessing a firearm during and in relation to a crime of violence. Defendant was sentenced to 140 months in prison on October 29, 2004. (Dkt. 53) Subsequently, Defendant successfully completed the Bureau of Prison's 500-hour residential drug-treatment program. Defendant moves to have his sentenced reduced on the ground that he completed the program.

Defendant asserts that, as a matter of equity and uniformity of sentencing, the Court should reduce Defendant's sentence because his co-defendant (Connie Bocook 2:04-CR-18)

1

received a reduced sentence after completing the same 500-hour residential drug-treatment program. The Government has responded in opposition to the Motion. It is now ripe for review.

### III. LAW AND ANALYSIS

A district court has no inherent authority to modify a sentence that is otherwise valid. *U.S. v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). The authority of the court to modify a sentence is limited by statute to specific circumstances. *U.S. v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008). Under 18 U.S.C. § 3582(c) the Court may modify a defendant's sentence in three instances, only one of which could apply here.[1] U.S.C. § 3582(c) allows for the modification of an imposed term of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]"

Since Defendant cites no statute that expressly permits this Court to modify the imposed term of imprisonment, the Court, therefore, construes Defendant's motion pursuant to Rule 35. The Sixth Circuit has held that "the authority conferred by Rule 35(a) to a district court is extremely limited." *U.S. v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006). Rule 35 only allows the court to modify a sentence within fourteen days after sentencing to correct an error resulting from an "arithmetical, technical, or other clear error[,]" or upon a motion by the government because of a defendant's substantial assistance. Fed. R. Crim.P. 35(a) and (b). Neither situation applies to Defendant's case.

Even if the Court were to reach the merits of Defendant's equitable arguments, the Court does not find that equity or uniformity of sentencing favor, much less require, modification of

---

[1] 18 U.S.C. § 3582(c) gives the court discretion to modify a sentence upon motion of the Director of the Bureau of Prisons or when there has been a reduction in the sentencing guidelines. 18 U.S.C. § 3582(c)(1)(A) & (c)(2). A representative of the Bureau of Prisons at Fort Dix reviewed Defendant's file and found him ineligible for a reduced sentence on May 26, 2011. (Doc. 102) The Sentencing Commission has not lowered its sentencing range for Defendant's offenses.

Defendant's sentence. Defendant contends that his co-defendant received a sentence reduction because she completed the same 500-hour residential drug-treatment program. That is inaccurate. Connie Bocook's case was both substantively and procedurally distinct from Defendant's. In her case, the Court was not modifying a sentence. Rather, the Court re-sentenced Connie Bocook because the Sixth Circuit vacated her sentence. (2:04-CR-18, Doc. 70 and Doc 83) As a result, the Court properly considered a numerous of factors, in addition to her completion of the 500-hour residential drug-treatment program when resentencing Connie Bocook.

## IV. CONCLUSION

For the reasons set forth herein, Defendant's Motion to Reduce Sentence is **DENIED**.

    **s/Algenon L. Marbley**
**Algenon L. Marbley**
**United States District Court Judge**

**DATE: November 20, 2012**